G. A. MATLOCK v. DALLAS ARCADIA FRESH WATER SUPPLY
DISTRICT No. 1.

No. 4879. Decided November 9, 1927.
(299 S. W., 398).

*J. J. Fagan,* for appellant.

*John H. Awtry,* for appellee.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

This is a certified question from the Court of Civil Appeals for the Fifth District. The facts stated in the certificate and the question submitted are as follows:

"That appellee is a corporate body as alleged, organized under the laws of Texas, Chap. 4, Title 128, R. C. S., 1925, Chap. 48, Acts Thirty-sixth Legislature, Second Called Session, 1919, page 107, as follows: 'for the purpose of conserving, transporting and distributing fresh water from lakes, pools, reservoirs, wells, springs, creeks and rivers for domestic and commercial purposes';' that there had been assessed taxes by appellee for the years sued for on said lots 8 and 9, which together with penalties and interest amounted at the time judgment was rendered, to-wit: August 4, 1926, to the sum of $16.46; that appellant is now and was then the owner of said lots at the time the taxes sued for were assessed against him as such owner.

"QUESTION.

"Is the Act of the Thirty-sixth Legislature, Chap. 48, Second Called Session, 1919, page 107, now Chap. 4, Title 128, R. C. S., 1925, providing for creation of conservation districts, to be known

as fresh water supply districts, constitutional, in that said Act was authorized by Sec. 59, Art. 16, of the Constitution of this State?"

At the time the above question was certified the constitutionality of the Act in question had not been passed upon by the Supreme Court. Since that time the Supreme Court, in the case of State ex rel. Merriam et al. v. Ball et al., 116 Texas, 527, 296 S. W., 1085, held the Acts of Thirty-sixth Legislature (1919), First and Second Called Sessions, Chap. 48 (Vernon's Ann. Civ. Stats. Supp., 1922, Arts. 5107-180 to 5107-266) relating to organization of fresh water supply districts on petition of land-owning voters violative of the due process clauses of State and Federal Constitutions (Const. U. S. Amend. 14, Sec. 1; Const. Texas, Art. 1, Sec. 19) for failure to provide for a hearing of the property owners on the question of boundaries of the districts and of benefits to lands included therein.

We therefore recommend that the question certified be answered in the negative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.