## G. A. MATLOCK v. DALLAS COUNTY ARCADIA WATER SUPPLY DISTRICT No. 1.

No. 5038.   Decided January 2, 1929.
(12 S. W., 2d Series, 181.)

*J. J. Fagan,* for appellant.

*John H. Awtry,* for appellee.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section B.

Appellee, Dallas Arcadia Fresh Water Supply District No. 1 brought this suit in the District Court of Dallas County, Texas, against G. A. Matlock to recover the sum of $18.93 alleged to be due to said district as taxes for the years 1922, 1923, and 1924, on certain lots located in said district owned by the said Matlock.   It is, in effect, certified that the appellee is a corporate body organized under the acts of the 36th Legislature, Chapter 48, Second Called

Session, 1919, page 107, now Chapter 4, Title 128, Revised Civil Statutes of Texas, 1925, providing for the creation of conservation districts to be known as "fresh water supply districts." The appellee, the District, prayed for a judgment for the amount of the taxes sued for, interest and penalties, and foreclosure of its alleged tax lien.

The appellant, Matlock, answered in the District Court, and among other things plead that the act creating the fresh water supply district in question was unconstitutional and void for the reason that it was violative of the Constitution of the State of Texas and of the United States.

Judgment was rendered in the District Court in favor of the District, and against Matlock for $16.46, being the amount of taxes with interest, together with foreclosure of the alleged tax lien.

The Court of Civil Appeals certifies that the District is a corporate body organized under the statutes above referred to.

Under this state of the record, the Court of Civil Appeals originally certified the following question to this court:

"Is the act of the 36th Legislature, Chapter 48, Second Called Session 1919, page 107, now Chapter 4, Title 128, Revised Civil Statutes of 1925, providing for the creation of conservation districts, to be known as 'fresh water supply districts' constitutional, in that said act was authorized by Article XVI, Section 59, of the Constitution of this state?"

This cause, on the above certified question, was referred to Section B of the Commission, and the Commission, in an opinion by Judge Leddy, recommended that the above question be answered in the negative. This opinion was adopted and ordered certified by this Court. 117 Texas, 169, 299 S. W., 398.

After this cause was filed and determined in the District Court, and after it had been appealed to the Court of Civil Appeals, but before the last mentioned court had rendered a decision herein the 40th Legislature, at its First Called Session in 1927, page 165, Chapter 58, passed an act approved June 9, 1927, which took effect September 6, 1927, amending articles 7884 and 7889, of the Revised Civil Statutes of 1925, respecting the formation of fresh water supply districts, which act also provided for the validation of such districts theretofore formed and then in course of formation, and for the validation of all bonds voted or issued by such districts. Section 3 of said act provides as follows:

"In all Fresh Water Supply Districts heretofore formed, or now being formed, wherein the petition for such conforms to the re-

quirements of Article 7882, setting out the necessity and feasibility of such project, and a notice of the time and place of hearing was given by the clerk, as directed in Article 7884, Revised Civil Statutes of 1925, and same was duly posted, and upon the hearing it was found by the Commissioner's Court that such petition was signed by the requisite number of proper parties, and was necessary and feasible, which shall be construed as a finding that same is a benefit to the lands therein, and ordered an election as provided, and for the purposes set forth, in Article 7887, Revised Civil Statutes of 1925, and at which election a majority of such voters voted in favor of the District, are hereby declared to have been legally created within the meaning, intent and purposes of this Chapter, and the same are hereby validated as of the respective times and dates of such proceedings, and are recognized and established and with the boundaries set forth in such several Districts, and all bonds voted or issued thereunder are validated and declared to be legal and binding obligations of such several districts, according to their terms."

In the above state of the record the Honorable Court of Civil Appeals has again certified to this court two questions, viz.:

"Question No. 1. Would the assessment and levy of the taxes sued for by appellee become validated under said Act of the 40th Legislature, supra, on it being shown that the requirements contained in said Section 3 had been complied with?

"Question No. 2. Was the Act of the 36th Legislature, Chapter 48, Second Called Session 1919, page 107, now Chapter 4, Title 128, Revised Civil Statutes 1925, providing for creation of conservation districts, to be known as 'Fresh Water Supply Districts', authorized by Article 16, Section 59 of the Constitution of the State of Texas?"

An examination of the original question certified to this court will disclose that the Court of Civil Appeals certified the question as to whether the act of the 36th Legislature, now Chapter 4, Title 128, Revised Civil Statutes, 1925, providing for the creation of conservation districts of this character was constitutional, in that said act was authorized by Section 59 of Article XVI of the Constitution of this state. We presume that the answer of this court in the negative to the original question certified as above shown has left the Court of Civil Appeals in doubt as to whether this court holds the act in question authorized by Section 59 of Article XVI of the Constitution. It is true that an answer "no" to the original question certified, when considered without looking to the opinion, is calcu-

lated to leave this matter in doubt, but in matters involving certified questions, it is always proper, and often necessary, to look to the opinion and reasoning of the court in order to properly understand and apply the answer. A reading of the original opinion by Judge Leddy will disclose that it was not held or intended to be held that the act in question was not authorized by Section 59 of Article XVI of the Constitution, but it was held that the act in question was in violation of the due process clauses of the State and Federal Constitutions, and for that reason and that reason alone the original question was answered in the negative.

As to "Question No. 1", above set out, now certified to this court, it is our opinion that all principles of law involved in this question are fully discussed and disposed of by our Supreme Court in the cases of Tom Green County, et al. v. Moody, Attorney General, 116 Texas, 299, 289 S. W., 381, by Justice Greenwood, and Anderson County Road Dist. No. 8, et al. v. Pollard, Attorney General, 116 Texas, 547, 296 S. W., 1062, by Chief Justice Cureton, and no good purpose would be accomplished by further discussion here. Those cases are full authority for us to say that the levy of taxes sued for by the appellee became valid under the validating act of the 40th Legislature on it being shown that the requirements contained in said Section 3 have been complied with.

As to "Question No. 2" above certified, we think that this question has been fully decided and settled by our Supreme Court in the case of State ex rel. Merriman et al. v. Ball, et al., 116 Texas, 527, 296 S. W., 1085. In that case, our Supreme Court, speaking through Chief Justice Cureton, says:

"This act in effect provided for the organization of local improvement districts for the conservation, transportation, and disposition of fresh water from lakes, pools, reservoirs, wells, springs, creeks, and rivers, for domestic and commercial purposes, as contemplated by Section 59 of Article XVI of the Constitution of the state."

By the language employed our Supreme Court has certainly expressly held that the act in question is contemplated by Section 59 of Article XVI of the Constitution, and if the act is in contemplation of the Constitution, it is certainly authorized by the Constitution.

We therefore recommend that both questions certified be answered in the affirmative.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.