## MATLOCK v. DALLAS ARCADIA FRESH WATER SUPPLY DIST. NO. I.
### (No. 9963.)

Court of Civil Appeals of Texas. Dallas.
Feb. 2, 1929.

J. J. Fagan, of Dallas, for appellant.
John H. Awtry, of Dallas, for appellee.

VAUGHAN, J. Appellee, Dallas Arcadia Fresh Water Supply District Number One, on the 30th day of June, 1926, filed this suit as a body corporate under chapter 4, composed of articles 7881 to 7959, inclusive, of the 1925 R. C. S. of Texas, relating to fresh-water supply districts, against appellant, G. A. Matlock, to recover the sum of $16.46 due appellee as taxes for the years 1922, 1923, and 1924, together with penalty and interest, and for the foreclosure of tax lien against certain real estate owned by appellant and alleged to be within and comprising a portion of appellee fresh-water supply district, as provided for by said chapter 4, supra.

Appellee alleged that, since its formation in the latter part of 1921, it had operated as a fresh-water supply district in Dallas county, Tex.; that, in the process of its creation, appellee conformed to all of the requirements of said chapter 4, supra. Appellee further alleged a compliance with each requirement of the law; as to the bonds issued by appellee, the levy and assessment of taxes on the lands comprising appellee district, to pay the interest on and provide a sinking fund for the payment of said bonds, the amount of taxes assessed against appellant and his failure to pay same, describing the land on which the taxes sought to be recovered had been assessed against appellant, and a compliance with the requirements of the provisions of said chapter 4, in reference to the collection of delinquent taxes up to and including the filing of this suit.

Appellant, in defense of said action, pleaded that appellee district had been illegally created; that the statutes had not been followed in the creation of said district when it was created on September 24, 1921; and, further, that the notices of the creation of said district, had not been posted in 1921, as required by law; and, further, that the voters had not been required to take the proper oath when the district was created, that the tax levied was exorbitant, and that the Legislature had no authority to create a fresh-water supply district, in that the act as passed by the Legislature attempting to authorize the creation of fresh-water supply districts was not in conformity with section 59 of article 16 of the Texas Constitution, and that said act was violative of the Fourteenth Amendment of the Constitution of the United States of America, in that it authorized the taking of property of citizens without due process of law; and, further, appellant attempted to allege a cause of action against one F. G. Jester, whereby appellant would be entitled to recover over against said Jester any sum for which he might be held liable in this suit to appellee—this because of certain acts and conduct alleged to have been committed by said Jester in making sale of the real estate involved in this suit to appellant.

Appellant complains of the action of the court in overruling certain special exceptions addressed by him to appellee's second amended original petition, and to the act of the court in sustaining appellee's general demurrer and special exceptions addressed by it to appellee's first amended original answer. In view of the fact that, under the disposition we shall make of this cause, it is hardly probable that any of the errors so complained of will again occur, we do not deem it at all necessary to discuss the rulings of the court on said exceptions.

Under peremptory instructions of the court, the jury brought in a verdict in favor of appellee for $16.46 as the amount of taxes, penalty, and interest due appellee, and for the foreclosure of the tax lien against lots 8 and 9 in block 9 in Arcadia Gardens, owned by appellant and located within appellee fresh-water supply district. Judgment was rendered in conformity with said verdict in favor of appellee, and from which appellant duly prosecuted his appeal to this court.

On June 18, 1927, the following material question involved in this appeal was certified to the Supreme Court, namely: "Is the act of the Thirty-Sixth Legislature, c. 48, Second Called Session (1919) p. 107, now chapter 4, tit. 128, R. C. S. 1925, providing for creation of conservation districts, to be known as Fresh-Water Supply Districts, constitutional, in that said act was authorized by section 59, art. 16, of the Constitution of this State?"

On November 9, 1927, said question was answered in the affirmative; said answer being based on the holding, that said act was "violative of the due process clauses of State and Federal Constitutions (Const. U. S. Amend. 14, § 1; Const. Tex. Art. 1, § 19) for failure to provide for a hearing of the property owners on the question of boundaries of the districts and of benefits to lands included therein." See Matlock v. Dallas Arcadia Freshwater Supply District Number One (Tex. Com. App.) 299 S. W. 398.

Several days prior to the date of the above certification, the following validating act was passed by the Legislature, namely: "In all Fresh Water Supply Districts heretofore formed, or now being formed, wherein the petition for such conforms to the requirements of Article 7882, setting out the necessity and feasibility of such project, and a notice of the time and place of hearing was given by the clerk, as directed in article 7884, Revised Civil Statutes of 1925, and same was duly posted, and upon the hearing it was found by the Commissioners' Court that such petition was signed by the requisite number

of proper parties, and was necessary and feasible, which shall be construed as a finding that same is a benefit to the lands therein, and ordered an election as provided, and for the purposes set forth, in article 7887, Revised Civil Statutes of 1925, and at which election a majority of such voters voted in favor of the District, are hereby declared to have· been legally created within the meaning, intent and purposes of this Chapter, and the same are hereby validated·as of the respective times and dates of such proceedings, and are recognized and established and with the boundaries set forth in such several Districts, and all bonds voted or issued thereunder are validated and declared to be legal and binding obligations of such several districts, according to their terms"—being section 3, Acts First Called Session of Fortieth Legislature, c. 58, p. 165, which was approved June 9, 1927, and became effective September 6, 1927. When the above question was certified, this court was advised as to the then condition of said validating act, and did not deem it advisable to certify a question thereon, nor a question as to the validity of said chapter 4, tit. 128, supra, as to whether or not same was violative of the due process clauses of Federal and State Constitutions.

As the answer made to the above-certified question did not appear to be responsive thereto, said cause was recertified to the Supreme Court on December 29, 1927, on the following questions:

"Q. 1. Would the assessment and levy of the taxes sued for by appellee become validated under said Act of the Fortieth Legislature, supra, on 'it being shown that the requirements contained in 'said section 3 had been complied with?

"As a part of this certificate, we attach hereto a certified copy of the original certification, and restate the original question in the further form, viz.:

"Q. 2. Was the Act of the Thirty-Sixth Legislature, Chapter 48, Second Called Session 1919, page 107, now Chapter 4, Title 128, Revised Civil Statutes 1925, providing for creation of conservation districts, to be known as 'Fresh Water Supply Districts,' authorized by article 16, section 59 of the Constitution of ·the State of Texas?"

Said questions were answered in the affirmative on January 2, 1929. Matlock v. Dallas County Arcadia Fresh Water Supply District No. 1 (Tex. Com. App.) 12 S.W.(2d) 181, opinion on second certification. As passed, the Act of the Thirty-Sixth Legislature (chapter 4, tit. 128, supra) is unconstitutional, in that it is in conflict with section 1, Fourteenth Amendment to our Federal Constitution, and with article 1, § 19, of the Constitution of Texas, because the act failed to provide for the property owners to be heard as to the boundaries of the district and the benefits to accrue to the lands of the respective property owners included therein. Therefore said act as passed would have the effect to deprive persons who own property within a district so authorized to be created of their property "without due process of law." 299 S. W. 398, supra.

██ But for the validating act, supra, the next preceding ruling would terminate this appeal. What would be the effect of said validating act in regard to the formation of appellee district, the assessment and levy of the taxes sued for, on it being shown that appellee had, in its creation, complied with all of the requirements delineated in said act as a prerequisite to securing the benefits, thereof, is a pertinent inquiry. After careful consideration of the provisions of said validating act, we have reached the conclusion that its terms and provisions would relate back to the date of the act (now articles 7881 to 7959, inclusive, supra), it was passed to perfect and to validate fresh-water supply districts organized thereunder in conformity with said validating act, and that to an appreciable extent said validating act would become merged with the original act so that appellee would become a valid corporation as of the date of its creation just as it would have if there had been no vice in the law under which it was organized, and, further, that the assessment and levy of the taxes sued for would become valid, same being otherwise without vice. Matlock Case (Tex Com. App.) 12 S.W.(2d) 181, supra; Louisiana Ry. & Nav. Co. v. State (Tex. Civ. App.) 298 S. W. 462.

██ The Act of the Thirtieth Legislature (chapter 48, Second Called Session 1919, p. 107, now chapter 4, tit. 128, R. C. S. of Texas 1925) is authorized by article 16, § 59, of the Constitution of the State of Texas. Matlock Case (Tex. Com. App.) 12 S.W.(2d) 181, supra.

██ Under the state of the record, is appellee in position to now assert the benefits of said validating act? This suit was filed in the court below June 30, 1926; judgment was rendered in favor of appellee July 14, 1926;· appellant perfected his appeal October 25, 1926; the validating act took effect September 8, 1927. The judgment rendered by the court below was prevented from becoming final by appellant's appeal therefrom, and, as this cause will be reversed, it will never become final; therefore the rights of the parties will remain in status quo until finally determined. Under the terms of the validating act, its provisions are available to appellee district in the course of any litigation involving its right to function as a fresh-water supply district until such litigation shall be finally determined. We are therefore of the opinion that this cause should be reversed and remanded for further proceedings to be had, based upon said validating act, same presenting a material issue vital to the rights of the parties, which was not, and from the very chronolo-

gy of events could not, have been developed before and determined by the trial court. Mather v. Chapman et al., 6 Conn. 54; La. Ry. & Nav. Co. v. State, supra. No statement of facts was filed, and we are not unmindful of the general rule that, where a statement of facts is not filed in support of an appeal, it is to be presumed that sufficient facts, duly established by proper evidence, were before the court to sustain an instructed verdict. However, the above rule cannot be invoked on this appeal. This because the validating act, supra, was not in existence and, therefore, the issues of fact necessary to be determined in order for appellee to invoke the benefits of said validating act could not have been before the court. The court did not err in refusing to permit appellant to make one F. G. Jester a party defendant, as the allegations made for that purpose only showed a controversy between appellant and said Jester not in any respects connected with or growing out of the cause of action alleged by appellee against appellant.

On the 26th day of January, 1929, a judgment affirming this cause was inadvertently entered. To correct this error, this court on its own motion revoked said judgment, and judgment is now rendered reversing and remanding this cause for further proceedings to be had on the questions presented by said validating act under appropriate pleadings to be filed in reference thereto.

Reversed and remanded.