**DALLAS COUNTY FRESH WATER DIST.**
No. 9 et al. v. CONNOR et al.
(No. 10280.)

Court of Civil Appeals of Texas. Dallas.
Feb. 9, 1929.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellants.
Ves. E. Jones, of Dallas, for appellees.

JONES, C. J. This is an appeal from the refusal of the court to dissolve a temporary writ of injunction heretofore issued in favor of appellees Mrs. C. C. Connor and a number of other residents of the Dallas county fresh water district No. 9, against the district, its supervisors and other officers, appellants, restraining them from collecting or attempting to collect any further taxes levied by said district.

When appellees' petition is analyzed, it discloses that:this is a suit by them in their individual capacity and also in their representative capacity, for the benefit of all others in their class, for the purpose of declaring the invalidity of the said district ,and the bonds issued for the contemplated improvements. The constitutional question thus raised has been passed upon by our Supreme Court through the Commission of Appeals, adversely to such claim, in answer to certified questions from this court in the case of G. A. Matlock v. Dallas County Arcadia Fresh Water Supply District No. 1, 12 S.W.(2d) 181. The original act (Rev. St. 1925, arts. 7881–7959) creating these districts had been declared unconstitutional. The Fortieth Legislature amended this act (1st Called Sess., c. 58, §§ 1, 2), curing the defects in the original act that rendered it unconstitutional,. and also passed an act (Acts 40th Leg. 1st Called Sess. c. 58, § 3) validating all fresh-water districts theretofore created under the original act. This validating act stipulated, in effect, that the statutory requirements under the original act, creating such districts, must have been performed as a condition to the operation of such validating statute on any district. The validating act reads as follows:

"In all Fresh Water Supply Districts heretofore formed, or now being formed, wherein the petition for such conforms to the requirements of Article 7882, setting out the necessity and feasibility of such project, and a notice of the time and place of hearing was given by the clerk, as directed in Article 7884, Revised Civil Statutes of 1925, and same was duly posted, and upon the hearing it was found by the Commissioners' Court that such petition was signed by the requisite number of proper parties, and was necessary and feasible, which shall be construed as a finding that same is a benefit to the lands therein, and ordered an election as provided, and for the purposes set forth, in Article 7887, Revised Civil Statutes of 1925, and at which election a majority of such voters voted in favor of the District, are hereby declared to have been legally created within the meaning, intent and purposes of this Chapter, and the same are hereby validated as of the respective times and dates of such proceedings, and are recognized and established and with the boundaries set forth in such several Districts, and all bonds voted or issued thereunder are validated and declared to be legal and binding obligations of such several districts, according to their terms."

The record in this case discloses that all these statutory requirements for the creation of a fresh-water district under the original act had been complied with in the creation of this district. It necessarily follows that the appellant district, though invalid when first created, is now a valid and subsisting district; that the bonds issued by said district are valid obligations of the district; that the levy and collection of taxes necessary to discharge this obligation is obligatory on the officers of said district; and that they should not be enjoined from performing such official duties. In addition to the authority of the Matlock Case, we cite the opinion of this court [14 S.W.(2d.) 360] rendered in that case after the answers to the certified questions, and also Louisiana Ry. & Nav. Co. v. State (Tex. Civ. App.) 298 S. W. 462.

It is also alleged in the petition that certain named properties in the district were assessed at too high a value. This allegation is made, as we understand the petition, as an additional reason why the district should be declared invalid. This fact in no way tends to invalidate the district, and the law prescribes the way in which relief can be given from such assessments, but such issue cannot be determined in this suit.

We therefore hold that, in view of the validating act above quoted, the petition failed to state a cause of action, that the granting of the injunction was error, and that the judgment of the lower court, refusing to dissolve the temporary writ of injunction, should be reversed and here rendered in favor of appellants, and the dissolution of the injunction ordered.

Reversed and rendered in favor of appellants and the injunction dissolved.