Burke W. INMAN et al., Appellants,

v.

RAILROAD COMMISSION of Texas et al.,
Appellees.

No. 11912.

Court of Civil Appeals of Texas,
Austin.

March 8, 1972.

Rehearing Denied March 29, 1972.

Lanham & Hatchell, Joe T. Lanham, Austin, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Rex H. White, Jr., Asst. Atty. Gen., Austin, Ewers, Toothaker, Ewers, Abbott, Evins & Talbot, Joe B. Evins, McAllen, for appellees.

PHILLIPS, Chief Justice.

Appellants Burke W. Inman and others [1] brought nine separate suits in district court against the Railroad Commission of Texas, its members, and nine carriers, namely Robert Ruiz, Armando Saenz, Joe Rodolfo Vasquez, King Transportation Company, Jose (Joe) Flores, Guadalupe Vasquez, Alfredo Ramirez, Guadalupe Gonzales, Jr. and Dave Rogers, Jr. seeking to enjoin certain trucking operations. Appellants

---

1. The Appellants are Burke W. Inman; Motor Express, Inc.; Alexander Truckline, Inc.; Tex-O-Kan Transportation Co., Inc. and Paul F. Healy, dba Healy Motor Lines; Robert Blair, Lessor and Big "T" Truckers, Inc., Lessee; O. L. Boydston; Alvin Land, dba Land Trucking Co.; Lambert Bros., Inc.; Gene Mixon; J. W. Allen; and Tom P. McNeill, Jr. (McNeill, now deceased, is dismissed as a Plaintiff).

sought a Restraining Order, Temporary Injunction, and a Permanent Injunction to declare invalid orders of the Commission dated May 25, 1970.

The trial court sustained the Defendants' Plea in Abatement in which it was alleged that Plaintiffs (Appellants here) had not exhausted their administrative remedies by failing to point out a defect in the Examiner's Report and Recommended Order and that the orders dated May 25, 1970 were not final orders.

The Trial Court sustained the pleas in abatement, ordered the suits dismissed, and remanded the matter to the Railroad Commission. On appeal from the ruling of the Trial Court, this Court reversed the judgment of the Trial Court and remanded the cause for further proceedings in a decision made March 18, 1971, 464 S.W.2d 895 (Tex.Civ.App.1971, writ ref'd n.r.e.) holding that finality had attached to the Commission's Orders, thus preventing the Commission from reconsidering them further.

Following this Court's decision, the Legislature in 1971 enacted Senate Bill No. 961, 62nd Legislature, Regular Session, Chapter 328, p. 1286, which became effective May 24, 1971. The Act reads as follows:

> "Section 1. Any authorization to transport agricultural products in their natural state issued by the Railroad Commission prior to January 1, 1971, is validated, ratified, and confirmed, regardless of whether the order upon which the authorization was based contained the necessary full and complete findings of fact as required by Subsection (d), Section 5a, Chapter 314, Acts of the 41st Legislature, Regular Session, 1929, as amended (Article 911b, Vernon's Texas Civil Statutes)."

Appellants then filed suit attacking Senate Bill No. 961 as being unconstitutional and contrary to the provisions of the Texas and United States Constitutions.

By agreement of the parties, a hearing was held by the Trial Court on Appellants' application for Temporary Injunction on a joint record for all suits. The Trial Court then entered its judgment sustaining the constitutionality of Senate Bill No. 961. The Court further held that Appellants had failed to establish a probable right and probable damage resulting from the orders of the Commission under attack and denied Appellants' application for a Temporary Injunction. It is from this judgment that Appellants have perfected their appeal to this Court.

We affirm this judgment.

Appellants are before this Court on five points of error, which we overrule, the first being that the Trial Court erred in failing to find Senate Bill No. 961 unconstitutional and contrary to Article III, Section 56, of the Texas Constitution, Vernon's Ann.St.

Article III, Section 56 of the Texas Constitution reads in part:

> "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . . where a general law can be made applicable, . . ."

Appellants maintain that Senate Bill 961 must be viewed as an Act serving a small, select group of nine carriers and in being so restrictive it must be tested by the legal principles governing the application of Article III, Section 56; since the only certificates of operating authority issued by the Commission that were being appealed in the Courts on January 1, 1971 were the nine involved in this proceeding; that as a result, the Appellants claim that the Act attempts to correct an error (failure to make adequate findings and conclusions) of the Commission which occurred in May, 1970 and that since this Court ruled in March, 1971 that the Commission was powerless to change the disputed orders, interested parties sought through the Leg-

islature to correct the Commission's error at a later date.

■ When the constitutionality of a statute is attacked, there is a presumption that the statute is valid. It is further presumed that the Legislature has not acted unreasonably or arbitrarily. The burden or expediency of the statute is the Legislature's prerogative. Smith v. Davis, 426 S. W.2d 827 (Tex.Sup.1968); Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627 (1939). In County of Cameron v. Wilson, 326 S.W.2d 162 (Tex.Sup.1959) the Court held that a statute under constitutional attack should be construed as valid if reasonably possible, citing Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155 (1948).

In *Cameron* the Court stated:

"In a number of decisions it has been said that a statute is not local or special within the meaning of the Constitution even though its enforcement or operation is confined to a restricted area, if persons or things throughout the State are affected thereby or if it operates upon a subject in which the people at large are interested . . ."

■ *Cameron* involved a statute that created a classification of Coastal Counties authorized to finance improvements of their Gulf island parks by means of revenue bonds. The statute, as here, was attacked as local or special legislation because it was not applicable to Inland Counties. The Court held that the maintenance of public parks on islands in the Gulf of Mexico is a matter of interest to people throughout the State. Consequently, the statute is not local or special within the meaning of the Constitution, even though its enforcement or operation is confined to a restricted area, if persons or things throughout the State are affected thereby, or if the statute operates upon a subject in which the people at large are interested.

■ It must be remembered that in the original order of the Commission, declared invalid by this Court, there was a finding of a need for the additional carriers sought in order to promote the public convenience and necessity. We may well presume that the Legislature was considering the needs of the people of the entire State to receive fresh fruits and vegetables when the Legislature passed the Act in question. If there could exist a state of facts justifying the classification or restriction complained of, the Courts will assume that it existed. Reed v. City of Waco, 223 S.W.2d 247 (Tex.Civ.App.1949, writ ref'd).

The cases cited by Appellants holding local or special laws to be unconstitutional are not controlling here. In Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941) a law benefiting *only* the County of El Paso was involved; in Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941) the statute in question was held unconstitutional as being local and special in nature, inasmuch as Tarrant County was the only County excluded from its provisions with no apparent reason. In State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934 (1942) the statute was stricken as local or special because it was passed solely for the benefit of one Gorham.

■ The Courts further hold that legislation affecting a particular classification is valid if there is a reasonable basis for the classifications and whether the law operates equally on all members within the class. Rodriguez v. Gonzales, 148 Tex. 537, 227 S.W.2d 791 (1950); Board of Insurance Commissioners v. Great Southern Life Insurance Co., 150 Tex. 258, 239 S. W.2d 803 (1951).

■ The classification of subjects is a legislative function, and a statute will not be held invalid by reason of the classification made, unless it appears that the basis therefor is purely arbitrary. Gerard v. Smith, 52 S.W.2d 347 (Tex.Civ.App.1932,

writ ref'd). Senate Bill No. 961 purports to affect only those specialized motor carriers with authority limited to transportation of agricultural products in their natural state. This group or class of carriers received their initial recognition as a special class in 1961 when the Legislature amended Art. 911b, Vernon's Ann.Civ.St. to provide specifically that the term "Specialized Motor Carriers" would include those persons engaged exclusively in transportation of agricultural products in their natural state. Acts 1961, 57th Leg., ch. 295, p. 629. Thus these carriers of agricultural products began as an identifiable sub-class of specialized motor carriers. The bill directs itself to any authority granted prior to January 1, 1971 and is applicable to approximately 100 Specialized Motor Carriers Certificates including those of Appellants here. The Legislature is presumed to have given due consideration to the problem and determined that the effect of the bill was in the public interest. Texas Natl. Guard Armory Board v. Mc-Craw, supra.

■ We also overrule Appellants' second point of error to the effect that the bill in question is a denial of equal protection guaranteed in the Texas Constitution, Art. I, Sections 3 and 19, and the Fourteenth Amendment to the United States Constitution. The rationale under Appellants' first point of error is equally applicable here. Reed v. City of Waco, cited above, held that the Legislature may classify persons, organizations, and corporations according to purpose of legislation without violating the equal protection clauses of either the Federal or State Constitutions.

■ Appellants' third point to the effect that the bill in question is unconstitutional under Article II, section 1 of the Texas Constitution is without merit. This Section briefly divides the powers of government into the Legislative, Executive, and Judicial and proscribes infringement of one on powers properly attached to either of the others. We are well aware of the doctrine announced in Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025 (1934) that the Legislature may not sit as a board of review to which parties might appeal when dissatisfied with the rulings of the Court; and with the corollary that to declare what the law is, or has been, is a judicial power.

■ To declare what the law shall be is legislative. However, the point in question here is controlled by the rule of law announced in a line of cases that includes Hodges v. Snyder, 261 U.S. 600, 43 S.Ct. 435, 67 L.Ed. 819, 45 S.D. 149, 186 N.W. 867, 25 A.L.R. 1128; State of Pennsylvania v. Wheeling and Belmont Bridge Company, 18 How. 421, 59 U.S. 421, 449, 15 L.Ed. 435. The rule under these cases, which recognizes that *private rights* of parties, which have become vested under judgment of a Court, cannot be taken away by subsequent legislation but must thereafter be enforced by the Court regardless of such legislation, does not apply to a suit brought for the enforcement of a *public right*, which, even after it has been established by the judgment of a court, may be annulled by subsequent legislation and should not thereafter be enforced. This latter rule is qualified to the extent that insofar as a private right has been incidentally established by such judgment, or for special damages, or for costs, it may not thus be taken away. Under this principle, Appellants have no vested or fixed rights in the use of the public highways. As stated by this Court in State of Texas v. Powell, 63 Tex.Civ.App. 405, 134 S.W. 746 (1910, writ ref'd), that which the Legislature might have dispensed with by a prior statute is within the power of the Legislature to dispense with by subsequent legislation.

■ Nor are we impressed with Appellants' fourth point of error that the Act in question is contrary to Article I, section 16 of the Texas Constitution. This Section of the Constitution forbids bills of

attainder, *ex post facto* laws, retroactive laws or any law impairing the obligation of contract. The direct answer to Appellants' contention, that the legislation in question is retroactive in nature, is that a retroactive law is unconstitutional only when it takes away or impairs a vested right acquired under existing laws. Such was not the case here. Turbeville v. Gowdy, 272 S.W. 559 (Tex.Civ.App.1925, no writ); City of Fort Worth v. Morrow, 284 S.W. 275 (Tex.Civ.App. 1926, writ ref'd).

Appellants' fifth point of error, which we overrule, is the error of the Trial Court in finding that Appellants wholly failed to establish a probable right and probable damage justifying the temporary injunctive relief prayed for, and in denying the relief sought.

Parties seeking temporary injunctive relief must show only a probable right to the relief sought, and a probable injury if the injunction is not granted. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953). In view of our foregoing discussion we need not discuss further the requirement of probable right. With respect to probable injury, testimony introduced by Appellants, that they had a substantial amount of money invested in the trucking business and that any competition would injure them, is not sufficient evidence to show probable injury under the facts of this case. The Trial Court had broad discretion in the matter of granting a temporary injunction. In the absence of a showing of clear abuse of such discretion on the part of the Court in denying the injunction, we may not reverse on appeal. 37 Tex.Jur.2d, Sec. 37, Injunctions, p. 89 and cases cited.

The judgment of the Trial Court sustaining validity of Senate Bill No. 961 and denying a temporary injunction is affirmed, and the cause is remanded for further proceedings.