

# The Attorney General of Texas

December 9, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Hubenak
Chairman, Committee on
   Agriculture and Livestock
House of Representatives
Austin, Texas

Dear Chairman Hubenak:

Opinion No. H- 1102

Re: Constitutionality
of H.B. 11 in ratifying
actions taken to partic-
ipate in the National
Flood Insurance Program.

You have requested our opinion concerning the effect
and constitutionality of section 2 of House Bill 11, which
ratifies the proceedings and actions of any political sub-
division "with respect to participation in and compliance
with the National Flood Insurance Program." Acts 1977,
65th Leg., 1st Called Session, ch. 4, at 58. This portion
of House Bill 11 was passed as a curative act to validate
actions taken in such regard without proper authority.
See Attorney General Opinion H-1011 (1977).

Your questions are essentially as follows:

(1) Does the Texas Legislature have the
power to ratify, confirm, approve,
and validate past, unauthorized ac-
tions taken between June 30, 1970
and September 1, 1977, supposedly
under Article 8280-13, V.T.C.S., by
those counties and political sub-
divisions which had not qualified
for participation in the National
Flood Insurance Program by June 30,
1970?

(2) Does House Bill No. 11 destroy all
those causes of action for damages,
injunctive relief and/or taxpayer
relief which may have arisen since
June 30, 1970 against those counties
and other political subdivisions
which took unauthorized actions, as
described above in question (1)?

(3)  Does House Bill No. 11 violate
Article I, Section 16 of the Con-
stitution of the State of Texas,
which reads:

No bill of attainder, ex
post facto law, retroactive
law, or any law impairing
the obligation of contracts,
shall be made.

It is well established that the Legislature may validate
a statute or act of a political subdivision so long as it
originally had power to enact or authorize it.  Perkins v. State,
367 S.W.2d 140, 145 (Tex. 1963); State v. Bradford, 50 S.W.2d
1065 (Tex. 1932); Anderson County Road Dist. No. 8 v. Pollard,
296 S.W. 1062 (Tex. 1927); Nolan County v. State, 17 S.W. 823
(Tex. 1891).  Such statutes of course must be consistent with
the Constitution.

Article 1, section 16 has been construed to prohibit the
enactment of only those retroactive laws which impair vested
rights.  Deacon v. City of Euless, 405 S.W.2d 59, 62 (Tex. 1966);
Cox v. Robison, 150 S.W. 1149, 1156 (Tex. 1912); Attorney
General Opinion H-634 (1975).  Curative statutes are necessarily
retroactive, since they are "intended to act upon past trans-
actions. . . ."  Hunt County v. Rain County, 7 S.W.2d 648, 649
(Tex. Civ. App. -- Texarkana 1925, no writ).  Texas courts have
upheld a number of curative statutes without discussion of arti-
cle 1, section 16, including statutes which validate the forma-
tion of districts and their issuance of bonds and collection of
taxes.  Matlock v. Dallas County Arcadia Fresh Water Supply Dist.
No. 1, 12 S.W.2d 181 (Tex. Comm'n App. 1929, opinion adopted);
Anderson County Road Dist. v. Pollard, supra; Brown v. Truscott
Independent School Dist., 34 S.W.2d 837 (Tex. Comm'n App. 1931,
jdgmt adopted).  Similarly, want of authority to annex property
has been held cured by validation.  Hunt v. Atkinson, 17 S.W.2d
780 (Tex. Comm'n App. 1929, jdgmt adopted).  In Matlock v. Dallas
County Arcadia Fresh Water Supply Dist. No. 1, supra, the court
held that taxes levied by an invalidly established water district
had been validated by the Legislature and could be collected from
the individual defendant.  To the extent that the Texas courts
have spoken on the subject, they have upheld curative statutes
against claims based on article 1, section 16.  Brown v. Truscott
Independent School Dist., supra; Louisiana Ry. & Nav. Co. v. State,
298 S.W. 462, 466 (Tex. Civ. App. -- Dallas 1927), aff'd, 7
S.W.2d 71 (Tex. Comm'n App. 1928, jdgmt adopted) (dicta).

The failure of the courts to discuss the impact of article 1, section 16 on curative statutes suggests that it does not prohibit them.  One court has, however, indicated that a validating statute cannot divest a private right acquired under a final judgment.  Inman v. Railroad Comm'n, 478 S.W.2d 124, 129 (Tex. Civ. App. -- Austin 1972, writ ref'd n.r.e.).  In our opinion, the courts would probably find that validating statutes may constitutionally cut off causes of actions and defenses which have not yet been secured in a final judgment.  This determination would be consistent with the implications of the cases upholding curative statutes.

The courts have stated that validating statutes should be liberally construed.  Perkins v. State, 367 S.W.2d 140 (Tex. 1963); City of Mason v. West Texas Utilities Co., 237 S.W.2d 273 (Tex. 1951).  They have also recognized that private persons may in good faith invest money in reliance on unauthorized actions of counties.  City of Mason v. West Texas Utilities Co., supra at 275; see also Hunt County v. Rain County, supra at 654. In view of the public interests served by validating statutes, the courts may be reluctant to recognize new kinds of vested rights that would interfere with the implementation of such statutes.  In our opinion, the courts would find that House Bill 11 destroys the causes of action you mention without violating article 1, section 16 of the Texas Constitution.

S U M M A R Y

Section 2 of House Bill 11, 65th Legislature, First Called Session, which ratifies past unauthorized actions by political subdivisions with respect to participation in the National Flood Insurance Program, is a valid exercise of legislative authority.  It does not violate article 1, section 16 of the Texas Constitution and destroys any cause of action based on lack of legislative authority for the actions ratified.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst