Honorable Joe Hubenak Chairman, Committee on Agriculture and Livestock House of Representatives Austin, Texas
Re: Constitutionality of H.B. 11 in ratifying actions taken to participate in the National Flood Insurance Program.
Dear Chairman Hubenak:
You have requested our opinion concerning the effect and constitutionality of section 2 of House Bill 11, which ratifies the proceedings and actions of any political subdivision `with respect to participation in and compliance with the National Flood Insurance Program.' Acts 1977, 65th Leg., 1st Called Session, ch. 4, at 58. This portion of House Bill 11 was passed as a curative act to validate actions taken in such regard without proper authority. See Attorney General Opinion H-1011
(1977).
Your questions are essentially as follows:
 (1) Does the Texas Legislature have the power to ratify, confirm, approve, and validate past, unauthorized actions taken between June 30, 1970 and September 1, 1977, supposedly under Article 8280-13, V.T.C.S., by those counties and political subdivisions which had not qualified for participation in the National Flood Insurance Program by June 30, 1970?
 (2) Does House Bill No. 11 destroy all those causes of action for damages, injunctive relief and/or taxpayer relief which may have arisen since June 30, 1970 against those counties and other political subdivisions which took unauthorized actions, as described above in question (1)?
 (3) Does House Bill No. 11 violate Article I, Section 16 of the Constitution of the State of Texas, which reads:
 No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.
It is well established that the Legislature may validate a statute or act of a political subdivision so long as it originally had power to enact or authorize it. Perkins v. State,367 S.W.2d 140, 145 (Tex. 1963); State v. Bradford,50 S.W.2d 1065 (Tex. 1932); Anderson County Road Dist. No. 8 v. Pollard,296 S.W. 1062 (Tex. 1927); Nolan County v. State, 17 S.W. 823
(Tex. 1891). Such statutes of course must be consistent with the Constitution.
Article 1, section 16 has been construed to prohibit the enactment of only those retroactive laws which impair vested rights. Deacon v. City of Euless, 405 S.W.2d 59, 62 (Tex. 1966); Cox v. Robison, 150 S.W. 1149, 1156 (Tex. 1912); Attorney General Opinion H-634 (1975). Curative statutes are necessarily retroactive, since they are `intended to act upon past transactions. . . .' Hunt County v. Rain County, 7 S.W.2d 648,649 (Tex.Civ.App.-Texarkana 1925, no writ). Texas courts have upheld a number of curative statutes without discussion of article 1, section 16, including statutes which validate the formation of districts and their issuance of bonds and collection of taxes. Matlock v. Dallas County Arcadia Fresh Water Supply Dist. No. 1, 12 S.W.2d 181 (Tex. Comm'n App. 1929, opinion adopted); Anderson County Road Dist. v. Pollard, supra; Brown v. Truscott Independent School Dist., 34 S.W.2d 837 (Tex. Comm'n App. 1931, jdgmt adopted). Similarly, want of authority to annex property has been held cured by validation. Hunt v. Atkinson,17 S.W.2d 780 (Tex. Comm'n App. 1929, jdgmt adopted). In Matlock v. Dallas County Arcadia Fresh Water Supply Dist. No. 1, supra, the court held that taxes levied by an invalidly established water district had been validated by the Legislature and could be collected from the individual defendant. To the extent that the Texas courts have spoken on the subject, they have upheld curative statutes against claims based on article 1, section 16. Brown v. Truscott Independent School Dist., supra; Louisiana Ry. 
Nav. Co. v. State, 298 S.W. 462, 466 (Tex.Civ.App.-Dallas 1927), aff'd, 7 S.W.2d 71 (Tex. Comm'n App. 1928, jdgmt adopted) (dicta).
The failure of the courts to discuss the impact of article 1, section 16 on curative statutes suggests that it does not prohibit them. One court has, however, indicated that a validating statute cannot divest a private right acquired under a final judgment. Inman v. Railroad Comm'n, 478 S.W.2d 124, 129
(Tex.Civ.App.-Austin 1972, writ ref'd n.r.e.). In our opinion, the courts would probably find that validating statutes may constitutionally cut off causes of actions and defenses which have not yet been secured in a final judgment. This determination would be consistent with the implications of the cases upholding curative statutes.
The courts have stated that validating statutes should be liberally construed. Perkins v. State, 367 S.W.2d 140 (Tex. 1963); City of Mason v. West Texas Utilities Co., 237 S.W.2d 273
(Tex. 1951). They have also recognized that private persons may in good faith invest money in reliance on unauthorized actions of counties. City of Mason v. West Texas Utilities Co., supra at 275; see also Hunt County v. Rain County, supra at 654. In view of the public interests served by validating statutes, the courts may be reluctant to recognize new kinds of vested rights that would interfere with the implementation of such statutes. In our opinion, the courts would find that House Bill 11 destroys the causes of action you mention without violating article 1, section16 of the Texas Constitution.
 SUMMARY
Section 2 of House Bill 11, 65th Legislature, First Called Session, which ratifies past unauthorized actions by political subdivisions with respect to participation in the National Flood Insurance Program, is a valid exercise of legislative authority. It does not violate article 1, section 16 of the Texas Constitution and destroys any cause of action based on lack of legislative authority for the actions ratified.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee